UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE:                                )
                                      )
Maurice Dale Swiggett,                )
                                      )   Case No. 12-81015C-11D
        Debtor.                       )
                                      )

MEMORANDUM OPINION

This case came before the court on November 1, 2012, for hearing on a Motion to Dismiss Appeal ("Motion") that was filed on behalf of William C. Mann ("Movant"). Having considered the Motion, the matters of record in this case and the arguments that were presented in support of and in opposition to the Motion, the court has concluded for the reasons that follow that the Motion should be granted.

The Movant contends that the notice of appeal was not timely and that the appeal therefore should be dismissed. Whether the notice of appeal was timely filed is controlled by Rule 8002(a) of the Federal Rules of Bankruptcy Procedure. Rule 8002(a) provides that the "notice of appeal <u>shall</u> be filed with clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from." (Emphasis supplied). The requirement under Rule 8002(a) that the notice of appeal be filed within 14 days after the date of the entry of the order appealed from is not a mere procedural technicality as suggested by the Debtor. To the contrary, timely filing of the notice of appeal is required in order for the appellate court to acquire any subject matter jurisdiction. Thus,

if a party seeking to appeal fails to file notice of appeal within the time allowed, there is no appellate jurisdiction and the party's right to appeal is lost. See Matter of Lacey, 114 F.3d 556, 557 (5th Cir. 1997)(timely notice of appeal is mandatory and jurisdictional); In re Allustiarte, 848 F.2d 116, 117 (9th Cir. 1988)(timely filing of notice of appeal is jurisdictional); Matter of Texas Extrusion Corp., 844 F.2d 1142, 1154 (5th Cir. 1988)("Clearly, a district court lacks jurisdiction over an appeal from a bankruptcy court that is not timely filed"); In re Abdallah, 778 F.2d 75, 77 (1st Cir 1985)(failure to comply with Fed. R. Bankr. P. 8002 is a jurisdictional defect barring appellate review); Martin v. Bay State Mill. Co., 151 B.R. 154, 155 (N.D. Ill. 1993)(failure to file a timely notice of appeal deprives the district court of jurisdiction over the appeal and mandates its dismissal); In re Neuman, 81 B.R. 796, 798-99 n.2 (S.D.N.Y. 1988)(citing Smith v. Dairymen, Inc. 790 F.2d 1107, 1109-1 (4th Cir. 1986)); Matter of Martin, 92 B.R. 364, 365 (Bankr. N.D. Ind. 1988); In re Memorex Telex Corp., 241 B.R. 841 (D. Del. 1999); In re Serron Investments, Inc., Slip Copy, 2012 WL 2086501 (B.A.P. 9th Cir. June 8, 2012).

In his notice of appeal the Debtor purports to appeal from a dismissal order that was entered in this case on September 10, 2012. The notice of appeal was not filed until October 5, 2012, which was 25 days after the entry of the order appealed from. The

Debtor's notice of appeal therefore did not meet the 14-day requirement under Rule 8002(a) and was not timely. As a result, the district court has acquired no appellate jurisdiction and the Debtor's appeal must be dismissed. An order so providing is being entered contemporaneously with the filing of this memorandum opinion.

This 2nd day of November, 2012.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

## Parities to be served

Maurice Dale Swiggett
5515 Alton St.
Mebane, NC 27302

William C Mann
308 60th Ave.
N. North Myrtle Beach, SC 29582

Renee T Warren
Box 578
Rolesville, NC 27571

Michael D West
Bankruptcy Administrator
PO Box 1828
Greensboro, NC 27402

James B Craven, III
PO Box 1366
Durham, NC 27702